Wendel v. Mullooly, Jeffrey, Rooney & Flynn, LLP

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         BARRINGTON D. PARKER,
         DEBRA ANN LIVINGSTON,
              Circuit Judges,

- - - - - - - - - - - - - - - - - - - - - - - -X
ELAINE S. WENDEL,
         Plaintiff-Appellant,

         -v.-                                    16-1461

MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP,
         Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                 BRIAN L. BROMBERG (Jonathan
                               Robert Miller, on the brief),
                               Bromberg Law Office, P.C.,
                               New York, NY.

1

Kenneth R. Hiller, Seth J. Andrews, and Timothy Hiller, Law Offices of Kenneth Hiller, PLLC, Amherst, NY.

**FOR APPELLEE:**                    MICHAEL L. KOHL, Michael L. Kohl, P.C., Bohemia, NY.

Robert L. Arleo, Robert L. Arleo, Esq., P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Curtin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Elaine Wendel appeals from the judgment of the United States District Court for the Western District of New York (Curtin, J.), inter alia, dismissing her claims under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.[1]  "We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff."  Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843 F.3d 561, 566 (2d Cir. 2016).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

---

[1] The district court also denied Wendel's motion to file an amended complaint that sought to add a plaintiff and assert identical claims on behalf of a class of individuals who had received the same debt collection letter.  Wendel does not challenge that ruling in her opening brief, and, therefore, we need not consider it.  See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant . . . raised them in a reply brief.").  In any event, our affirmance with respect to the dismissal of the original complaint necessarily renders the proposed amendment futile.

2

Wendel allegedly defaulted on her debt to Bank of America, N.A. (the "Bank").  On January 13, 2015, defendant-appellee Mullooly, Jeffrey, Rooney & Flynn, LLP ("Mullooly") sent Wendel a one-page letter on firm letterhead.  Wendel argues that the letter violates 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10) by falsely implying that an attorney is meaningfully involved in the debt-collection process.[2]  The relevant text is as follows:

> Our law firm has been retained by Bank of America, N.A., successor-in-interest to FIA Card Services (the "Bank"), in connection with the above referenced account.  Please be advised the Bank may invoke its right to file a lawsuit against you.
>
> Unless you notify us within thirty days after receipt of this notice that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid.  If within thirty days of your receipt of this notice you notify us in writing that the debt or any portion thereof is disputed we will obtain a verification of the debt or if the debt is founded upon a judgment, we will obtain a copy of the judgment and we will mail to you a copy of such verification or such judgment.  Also, upon your written request within thirty days of the receipt of this notice, we will provide you with the name and address of the original creditor if different from the current creditor.
>
> This communication is from a debt collector.  We are attempting to collect a debt and any information obtained will be used for that purpose.

---

[2] Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e. Section 1692e(3) specifically prohibits a debt collector from "false[ly] represent[ing] or impl[ying] that any individual is an attorney or that any communication is from an attorney."  Id. § 1692e(3).  Section 1692e(10) prohibits a debt collector from "us[ing] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Id. § 1692e(10).

> At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

App'x at 36.[3]   At the bottom of the page is an illegible signature above the firm's name.

"[A]n attorney can . . . send a debt collection letter without being meaningfully involved as an attorney within the collection process" if the letter "includes disclaimers that should make clear even to the 'least sophisticated consumer' that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 364 (2d Cir. 2005) (emphasis omitted).  Mullooly's letter contains the same disclaimer that we approved in Greco, namely that "at this time, no attorney with this firm has personally reviewed the particular circumstances of your account."  Id. at 361.  The Mullooly letter goes further by explaining that "[t]his communication is from a debt collector."  App'x at 36.

Wendel principally contends that these disclaimers are rendered ineffective by three features that were not present in Greco: (1) the use of the word "retained" in the letter's opening sentence; (2) the warning that "the Bank may invoke its right to file a lawsuit against you"; and (3) the location of the Greco disclaimer at the end of the letter, below the required 30-day notices.  We disagree.

**1.**   The word "retained" is no more suggestive of attorney involvement than "represents," the word used in Greco.

**2.**   The reference to the Bank's right to file suit is arguably stronger than the euphemisms in Greco, referring to "such action as necessary to protect our client" and warning that "our client may consider additional remedies to recover the balance due."  Greco, 412 F.3d at 361.  But the wording in the Mullooly letter does not "confuse[] or contravene[]" the

---

[3] The district court was free to rely on the contents of this letter, which was incorporated by reference and integral to Wendel's complaint.  See Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230-31 (2d Cir. 2016).

4

explicit disclaimers of attorney involvement that appear later in the letter.  Id. at 365.

**3.**  Insertion of the Greco disclaimer in the fourth paragraph, rather than the first, does not bury it.  The body of the letter contains eight sentences that fit on approximately half of a page.  Even an unsophisticated individual can be expected to read the entire letter and comprehend the full text.  See id. at 363 (noting courts' conclusion that "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care" (internal quotation marks omitted)).

Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK